# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE SALMON ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROSS, *et al.*, <br> Defendants <br> and <br><br> STATE WATER CONTRACTORS, *et al.*, <br><br> Defendant-Intervenors | Case No. 1:17-cv-01172 LJO-EPG <br><br> **ORDER VACATING HEARING ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND SETTING OTHER DEADLINES** |
| BAY.ORG, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID BERNHARDT, *et al.*, <br><br> Defendants, <br><br> and <br><br> STATE WATER CONTRACTORS, *et al.*, <br><br> Defendant-Intervenors. | Case No. 1:17-cv-01176 LJO-EPG <br><br> **ORDER VACATING HEARING ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND SETTING OTHER DEADLINES** |

On June 29, 2017, Plaintiffs initiated these related actions under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, challenging Biological Opinions ("BiOps") issued under Section 7 of the ESA, regarding the impacts of California's proposed WaterFix project ("WaterFix") on ESA-listed species. *Id*. It is alleged that as part of WaterFix, the U.S. Bureau of Reclamation ("Bureau" or "Reclamation") and Defendant-

1

Intervenor the California Department of Water Resources ("DWR") proposed to construct three new water intakes on the Sacramento River, each capable of diverting 3,000 cubic feet per second ("cfs") of water. The Bureau and DWR also proposed to construct two tunnels that will transport water from these intakes to existing pumping plants in the South Delta, bypassing up to 9,000 cfs of water underneath (instead of through) the Sacramento-San Joaquin River Delta.

Cross motions for summary judgment in *Golden Gate Salmon Association et al. v. Ross et al.*, 1:17-cv-01172-LJO-EPG ("*Golden Gate*"), were fully briefed as of February 19, 2019. In contrast, as of late February 2019, only the opening motion papers had been filed in connection with the scheduled cross motions for summary judgment in *Bay.org et al. v. Bernhardt et al.*, 1:17-cv-01176-LJO-EPG ("*Bay.org*").

On February 12, 2019, California Governor Gavin Newsom announced that he does not "support the Water Fix as currently configured," and, specifically, that he does "not support the twin tunnels." DWR's Request for Judicial Notice, *Bay.org*, ECF No. 89, Ex. A at 5. Governor Newsom did, however, indicate his belief that "we can build on the important work that's already been done," and expressed his "support" for a "single tunnel." *Id.*

On March 1, 2019, in light of Governor Newsom's announcement, DWR filed an unopposed motion to stay the proceedings in *Golden Gate*. *Golden Gate*, ECF No. 91. DWR also filed a similar (contested) motion in *Bay.org* to stay that case, including staying further briefing on the cross motions for summary judgment, for 90 days to "allow DWR to determine the regulatory approach to ESA compliance and whether that approach would or would not moot the underlying ESA claims in the above-entitled action." *Bay.org*, ECF No. 88 at 3. Federal Defendants joined the request. *Bay.org*, ECF No. 94. Plaintiffs opposed the imposition of a stay in *Bay.org*, arguing that it would prejudice them because, among other things, DWR refused to stop preconstruction work on WaterFix during the stay and therefore that the stay would increase the risk that Plaintiffs will need to seek preliminary injunctive relief to block construction before the Court can adjudicate the parties' summary judgment motions.

*Bay.org*, ECF No. 93.

The Court declined to stay briefing on the cross motions in *Bay.org*, finding that, although Defendants had legitimate concerns about wasting resources, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of [*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)]." *Bay.org*, ECF No. 96 at 4 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). The Court found that Plaintiffs legitimately were concerned that they were "being asked to shoulder the risk that a 90-day stay of this case, without a concurrent stay of <u>all</u> preparatory activities related to a reconfigured WaterFix project, would allow the project (whatever that reconfigured project might look like) to creep closer to readiness without this lawsuit keeping pace." *Id*.

The Court allowed DWR to make an election:

> Only if DWR agrees to freeze <u>all</u> preparatory activity related to WaterFix will this potential prejudice be avoided. If DWR does not agree to do so, Plaintiffs face an increased risk (albeit of indeterminant magnitude) that they will need to seek injunctive relief to stop construction before this Court can rule on the merits. Once fully briefed, Plaintiffs could at least refer back to the merits briefs in lieu of a showing of likelihood of success on the merits. DWR cannot have it both ways.

*Id*. DWR elected not to stay all preparatory activity and instead to proceed with briefing of the cross motions. *Bay.org*, ECF No. 97. Requiring the briefing of the summary judgment motions to proceed as scheduled in *Bay.org* was a deliberate choice designed to maintain a level playing field among the parties. However, the Court has no intention of ruling on the cross motions without first having an opportunity to thoroughly consider the impact of the reconfiguration of Waterfix, including whether that reconfiguration moots any aspect of the pending claims. Accordingly, the Court declines to adopt the Parties' stipulation that would set a July 23, 2019 hearing date for the pending cross motions for summary judgment in *Golden Gate* and *Bay.org*. *See* ECF No. 103. Instead, the hearing dates on those motions are formally VACATED and the Court ADOPTS the following schedule:

1. DWR shall file an update on or before June 14, 2019 regarding how it intends to proceed with the environmental permitting, planning, and document preparation process for the

reconfigured WaterFix project.

2. Thereafter, the parties shall meet and confer to determine whether they can agree on the nature of any additional briefing or motions practice that may be required as a result of DWR's update.

3. On or before June 28, 2019 the parties shall file a joint status report reflecting their respective positions on the update and its consequences for the pending claims.

IT IS SO ORDERED.

Dated: **April 26, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE